```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                          |   |                                    |
|--------------------------|---|------------------------------------|
| LARRY DALE JOHNSON,      | : |                                    |
|                          | : | Civil Action No. 14-0127 (RMB)     |
|         Petitioner,      | : |                                    |
|                          | : |                                    |
|         v.               | : | **MEMORANDUM OPINION & ORDER**     |
|                          | : |                                    |
| DEVENS OFFICIALS,        | : |                                    |
|                          | : |                                    |
|         Respondent.      | : |                                    |

On April 30, 2012, Petitioner submitted a lengthy document styled as a § 2241 petition. That submission gave rise to Johnson v. Zickefoose ("Johnson-I"), Civil Action No. 12-2544 (RMB) (D.N.J.). Following extensive motion practice caused by Petitioner's post-commencement filings, this Court screened Petitioner's pleading and distilled a multitude of civil rights claims (that could have been raised under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), but were not cognizable in habeas review) as well as numerous lines of different habeas challenges. This Court, therefore, dismissed Petitioner's Bivens claims for lack of jurisdiction, without prejudice to raising them in a Bivens action, and directed Respondent to answer Petitioner's habeas claims. Respondent duly complied raising procedural and substantive challenges to Petitioner's claims. Meanwhile, Petitioner: (a) informed this Court that he was transferred to the Devens medical facility in Massachussetts; and (b) made a

series of new filings, one of which challenged the Massachusetts officials' election not to transfer him to a half-way house. See Johnson-I, Docket Entry No. 17.

In accordance with Habeas Rule 2(e), this Court directed the Clerk to commence additional habeas matters so to address each line of Petitioner's habeas challenges individually, and dismissed all these matters, either conclusively or with leave, except for Petitioner's challenges the Massachusetts officials' election not to transfer him to a half-way house.  That line of challenges gave rise to the instant matter, and Respondent was directed to file it position statement, since

> [this] action [was] based on [Petitioner's] recently raised challenges to the final Second Chance Act determination reached by the Massachusetts officials during the time when Petitioner was confined at the Devens medical facility. [Therefore], Respondent [was] be directed to state Respondent's position as to transfer of this matter to the District of Massachusetts and [to] inform this Court of Petitioner's placement in a half-way house . . . so to avoid a transfer of a facially mooted matter. [Meanwhile,] Petitioner [was] directed to detail his administrative exhaustion or show cause as to excuse of the exhaustion requirement.

Johnson-I, Docket Entry No. 2, at 21 n.14.

Respondent duly complied, see Instant Matter, Docket Entry No. 4, pointing out that, under Rumsfeld v. Padilla, 542 U.S. 426 (2004), Petitioner's challenges to the Massachusetts officials' election not to transfer him to a half-way house should have been raised by a § 2241 action filed with the United States District

Court for the District of Massachusetts.  See id.  Respondent's position statement was silent as to whether Petitioner's Second Chance Act challenges were mooted by his transfer to a half-way house.  See id.  Petitioner, on his end, failed to file any statement detailing his administrative exhaustion efforts or showing cause as to excuse of the exhaustion requirement.  See, generally, Instant Matter, Docket.

This Court, therefore, has conducted its own research of Petitioner's public records at the website of the Bureau of Prisons.  Those records indicated that Petitioner was released from confinement on March 21, 2014.  See http://www.bop.gov/inmateloc.  Therefore, Petitioner's Second Chance Act challenges appear moot and, if so, should be dismissed as such.  However, mindful of the possibility that the records at the website of the Bureau of Prisons might contain an inadvertent error, this Court is not in the position to reach a conclusive finding as to mootness of Petitioner's claims.  Therefore, this Court finds it warranted to direct the Clerk to serve a complimentary copy of this Memorandum Opinion and Order upon the United States District Court for the District of Massachusetts so to ensure that the District of Massachusetts is aware of the challenges Petitioner erroneously raised in this District.[1]

---

[1]  No statement in this Memorandum Opinion and Order shall be construed as this Court's opinion that the District of Massachusetts shall or shall not commence a new matter on the

IT IS on this **10th** day of **April 2014**,

**ORDERED** that the Clerk shall administratively terminate this matter as moot or, in alternative, on the basis of Petitioner's commencement of this matter with the Court of improper venue which caused this Court's lack of in personam jurisdiction over Respondent; and it is further

**ORDERED** that the Clerk shall make a new and separate entry on the docket reading, "CIVIL CASE CLOSED AS MOOT OR, IN ALTERNATIVE, PURSUANT TO A TRANSFER"; and it is finally

**ORDERED** that the Clerk shall serve a complimentary copy of this Memorandum Opinion and Order upon the United States District Court for the District of Massachusetts, accompanying said mailing with a notation reading, "SERVICE EXECUTED FOR NOTICE PURPOSES ONLY."  Such service shall be executed by means of electronic delivery or, in alternative, by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB,**
**United States District Judge**

---

basis of Petitioner's allegations, or that Petitioner's challenges are substantively warranted or unwarranted, or that those challenges are procedurally proper or improper, or that Petitioner's claims have actually been mooted or the records at the website of the Bureau of Prisons contain an inadvertent error.  All those matters are within exclusive discretion of the District of Massachusetts, and the service of this Memorandum Opinion and Order is for notice purposes only.